**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**George Benevides SOTO, Defendant–
Appellant.**

**No. 03–30091.**
**D.C. No. CR–01–00121–RFC.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 20, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

James E. Seykora, Shelley J. Hicks, USMO—Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Brian Kohn, Billings, MT, for Defendant–Appellant.

Before KOZINSKI, SILVERMAN and TALLMAN, Circuit Judges.

## MEMORANDUM**

George Benevides Soto appeals his jury conviction for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we review for abuse of discretion the evidentiary rulings of the district court. *United States v. Murillo*, 255 F.3d 1169, 1174 (9th Cir.2001). We affirm.

Soto contends that the district court erred by allowing an officer to offer an expert opinion attributing the presence of fast-food wrappers and the lack of luggage in a vehicle to be indicative of drug trafficking. Although this testimony was erroneously admitted, the error was harmless. *See United States v. Lui*, 941 F.2d 844, 848 (9th Cir.1991). Contrary to Soto's contention, the officer's testimony that the presence of fast-food wrappers and the lack of luggage in the vehicle indicated the occupants were "probably making a pretty fast trip" is not testimony about drug trafficking or drug courier profiles. *See United States v. Vallejo*, 237 F.3d 1008, 1015–18 (9th Cir.2001) (detailing the use of testimony concerning the structure of drug

trafficking organization and the improper use of drug courier profiles). The cases upon which Soto relies are therefore inapposite, and we affirm.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

